**In the Interest of T.C., N.C., and C.C., Minor Children,**

**J.C., Father, Appellant.**

**No. 91–1778.**

Supreme Court of Iowa.

Nov. 25, 1992.

Jeffrey P. Taylor of Klinger, Robinson, McCuskey & Ford, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Special Asst. Atty. Gen., and

Charles K. Phillips, Asst. Atty. Gen., for appellee State.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This is an appeal by the father, J.C., from the termination of his parental rights to his three children. The court of appeals affirmed the juvenile court's decision, and we granted further review. We now affirm the decision of the court of appeals and judgment of the juvenile court.

The initial question raised on this appeal is whether the juvenile court erred in adjudicating the children in need of assistance when the father was confined in a locked hospital mental ward and no guardian ad litem had been appointed to represent him. Additionally, J.C. asserts that the juvenile court erred in finding that the State had proved by clear and convincing evidence that the grounds asserted for termination of parental rights had been met.

The children involved in this action are T.C., a boy born October 30, 1981, M.C., a boy born November 24, 1982, and C.C., a girl born February 12, 1984. All of these children were born during the marriage of J.C. and W.C. The parental rights of their mother, W.C., have been terminated and are not involved in this appeal.

The children were adjudicated children in need of assistance on September 8, 1987, pursuant to Iowa Code section 232.2(6)(c)(2) (1987). At the time of the adjudication, J.C. and W.C. were separated and the children were in the physical care and control of their mother, W.C.

W.C. and her attorney were present at the CINA proceedings. The children were also present and were represented by their attorney and guardian ad litem, Patrick Grady. J.C. did not appear nor was he represented by anyone at the CINA adjudication. He was served with notice of the CINA proceeding on August 26, 1987, while incarcerated at the Linn County Jail. At the time of that hearing, J.C. was hospitalized on an involuntary substance abuse commitment order. J.C. was released on September 15, 1987, after the adjudicatory hearing on the CINA petition. J.C. did not request an appointment of counsel in the CINA proceeding nor did he participate in any hearing concerning that action.

The record shows that the children's guardian ad litem and attorney and their mother and her attorney stipulated that the children were in need of assistance. The court entered its order in accordance with that stipulation. The court found that the children had suffered or were imminently likely to suffer harmful effects as a result of the parents' failure to exercise a reasonable degree of care in their supervision within the meaning of Iowa Code section 232.2(6)(c)(2).

In January 1988, four months after the adjudication of the children in need of assistance, J.C. was convicted of delivery of a controlled substance. On April 15, 1988, J.C. was sentenced to serve thirty years in prison as a result of that conviction. He has been continuously confined in prison since that time. The sentence now being served by J.C. is the result of a severe heroin addiction. His earliest date of release on parole is March 1993.

On April 19, 1991, the State filed a petition seeking to terminate the parental rights of W.C. and J.C. On April 23, 1991, J.C. filed an application for appointment of counsel and a financial statement. The district court appointed counsel to represent J.C. The hearing on the termination petition was scheduled for July 17, 1991. On July 12, 1991, J.C. filed a motion for continuance in order to obtain the reports and testimony of two psychologists. On July 17, 1991, the court denied the motion for continuance. The court allowed the record to remain open so J.C. could present the testimony of the two psychologists.

During the hearing, the court took judicial notice of the previous court files in the CINA actions filed on behalf of the children. J.C.'s counsel objected to the testimony in the CINA proceeding regarding the adoptability of the children. Counsel for J.C. also objected to the introduction on cross-examination by the State of evidence

regarding J.C.'s juvenile court record. Following the hearing, the court ordered the termination of J.C.'s parental rights pursuant to Iowa Code section 232.116(1)(e) (1991).

In reaching its decision, the juvenile court entered extensive findings of fact, noting that J.C. is incarcerated for delivery of a controlled substance (second offense) that resulted in a death. His thirty-year sentence is subject to a mandatory minimum term of ten years. The court further found that it was not in the best interest of the children to elect long-term foster care in lieu of termination of parental rights.

 Appellate review of termination proceedings is de novo. *In re W.G.*, 349 N.W.2d 487, 491 (Iowa 1984), *cert. denied sub nom. J.G. v. Tauke*, 469 U.S. 1222, 105 S.Ct. 1212, 84 L.Ed.2d 353 (1985). The primary concern in termination of parental rights proceedings is the best interest of the child. Iowa R.App.P. 14(f)(15).

 I. Initially, we consider J.C.'s claims that he was denied his due process rights at the CINA adjudicatory hearing and that on this basis the termination of his parental rights should be reversed. U.S. Const. amend. XIV; Iowa Const. art. I, § 9. J.C. does not dispute that he was timely and properly served with an original notice of the CINA proceedings. His assertion of error stems from the fact that he was in the county jail at the time of service and during the CINA proceedings. He was incarcerated at this time on a pretrial bond status and was not under a sentence. Apparently, J.C. did not resist his involuntary commitment at St. Luke's Hospital in Cedar Rapids. The commitment was terminated without proceeding to a hearing. The dismissal was effective on or about September 15, 1987, after the CINA adjudication date. Dismissal occurred when J.C. agreed to voluntarily undertake inpatient substance abuse treatment.

J.C. points to Iowa Rule of Civil Procedure 13 to support his claim that a guardian ad litem should have been appointed to represent him at the CINA hearing. He claims that since a guardian ad litem was not appointed, the CINA adjudication is void. This he argues defeats one of the elements required for a termination of parental rights. Iowa Code § 232.116(1)(e)(2). That section provides:

> [Parental rights with respect to a child may be terminated if] the court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The custody of the child has been transferred from the child's parents for placement pursuant to section 232.102 for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

*Id.* The second element of Iowa Code section 232.116(1)(e)(2), by incorporating Iowa Code section 232.96, required the State to prove that there had been an adjudication that each child was a child in need of assistance by clear and convincing evidence. *See In re T.O.*, 470 N.W.2d 8, 10 (Iowa 1991); *In re J.W.D.*, 456 N.W.2d 214, 217 (Iowa 1990). This adjudication it is argued must be properly done prior to the termination of J.C.'s rights since he has a distinct custody right with regard to his children protected by substantive and procedural due process. *See In re J.R.H.*, 358 N.W.2d 311, 319 (Iowa 1984); *In re D.J.R.*, 454 N.W.2d 838, 844–45 (Iowa 1990).

J.C.'s argument proceeds from the assumption that his right to the appointment of a guardian ad litem is embraced by the language of Iowa Rule of Civil Procedure 13. The only language in that rule that might apply to J.C. refers to a party confined in a penitentiary, reformatory, or any state hospital for the mentally ill. J.C.'s confinement in the drug addiction ward of St. Luke's hospital in Cedar Rapids does not precisely fit the aforesaid language. St. Luke's is not a state hospital for men-

tally ill nor is the county jail a penitentiary or reformatory. Even if Iowa Rule of Civil Procedure 13 applied, however, we do not believe that a failure to appoint a guardian ad litem for J.C. in the CINA proceeding voids the legal effect of the termination proceeding. At the CINA proceeding, W.C., the children's mother, and her attorney stipulated that the children were in need of assistance. J.C. was obviously not able to provide the help that the children then needed. Had he been present, it is completely unlikely that the court would have entered any order different from what it did. Moreover, the element of the children having been adjudicated in need of assistance had to be proved at the termination proceeding. J.C. was present with counsel at that proceeding and had the opportunity to litigate any errors of fact giving rise to the children being deemed in need of assistance. J.C.'s asserted error is unfounded.

■ II. J.C.'s motion to continue the termination hearing because two psychologists were not available to testify and their reports were not ready was denied by the juvenile court. The reason given was that it was not in the children's best interest to delay the hearing and the reports could be received later. In fact, Dr. Pirnot and Dr. Davis did file their reports and testified at a later trial date. The court properly exercised its discretion in its ruling. *See In re T.D.H.*, 344 N.W.2d 268, 270 (Iowa App. 1983).

■ The juvenile court was authorized to judicially notice the pleadings and exhibits from the previous child in need of assistance proceeding. *In re Adkins*, 298 N.W.2d 273, 277–78 (Iowa 1980). J.C.'s lack of attendance at the CINA hearing does not affect this result for the same reasons already described.

■ An objection to the evidence of adoptability of the children was also made by J.C. We recognize the fact that a child would likely be adopted is not relevant to whether the conduct of the parent is such that termination of parental rights is legally permissible. At the same time, this evidence is crucial to a decision on final dispo-

sition after a termination of parental rights. *See* Iowa Code § 232.117(5). Appellate courts are interested in knowing of the adoptability factor in their de novo review. *See In re S.J.*, 451 N.W.2d 827, 832 (Iowa 1990). This evidence was also objected to on hearsay grounds and that the witness was not an expert qualified to testify on adoption matters. Hearsay statements are permitted in adjudicatory hearings in CINA cases by Iowa Code section 232.96(6) (1987). The evidence here offered was within the discretionary province of the juvenile court as directed by the statute. Moreover, it did not have to be offered by expert testimony. *See In re E.J.R.*, 400 N.W.2d 531, 532 (Iowa 1987); *In re Long*, 313 N.W.2d 473, 478 (Iowa 1981).

■ At the termination hearing, evidence was presented of J.C.'s incarceration, his lengthy criminal history, and his juvenile record. J.C.'s assertion of error here is to the admission of his court record as a juvenile. Iowa Code section 232.55(2) (1991) states:

> Adjudication and disposition proceedings under this division are not admissible as evidence against a person in a subsequent proceeding in any other court before or after the person reaches majority except in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor.

The State argues that this section does not restrict use of juvenile record evidence in the context of a hearing designed to effectuate the best interest of the child. Although such evidence may be relevant, the statutory wording wholly admits its use "in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor." The exception clearly does not fit the proceedings involved in this case. The evidence was inadmissible. Nevertheless, our de novo review shows us that without this evidence, the juvenile court had more than enough proof of the elements necessary to

support its decision to terminate J.C.'s parental rights.

■ III. As an alternative to termination of parental rights, J.C. urged the juvenile court to place the children in long-term foster care. He cited his progress in overcoming his drug usage and that he has become involved in an intensive drug rehabilitation program. His addiction to heroin, he feels, directly caused his criminal activity. J.C. also believes that a strong bond has existed with his children and that the child-parental love continues. While we do not discount these factors presented by J.C., we find that the past circumstances necessitating the CINA adjudication and the termination proceeding thereafter fully support the decision of the juvenile court. The ground for termination of J.C.'s parental rights to these children has been established by clear and convincing evidence.

DECISION OF COURT OF APPEALS AND JUDGMENT OF JUVENILE COURT AFFIRMED.