# IN THE COURT OF APPEALS OF IOWA

No. 16-1609
Filed December 21, 2016

**IN THE INTEREST OF T.M.,**
**Minor child,**

**E.H., Mother,**
    Appellant,

**M.M., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A mother and a father separately appeal termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Roberta J. Megel, State Public Defender, Council Bluffs, for appellant mother.

Scott D. Strait, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Phil Caniglia, Council Bluffs, guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

The mother and the father separately appeal the termination of their parental rights to their child, T.M. They claim the State failed to prove the statutory grounds for termination, and termination is not in the child's best interests because of their bonds with the child.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated here. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010).

The child was born in 2012. The family came to the attention of the Iowa Department of Human Services (DHS) in May 2015 after the DHS received a report indicating that the father was using methamphetamine while caring for the child, and both parents were reported to be homeless. The child was removed from the parents' custody and placed with the paternal grandparents, where the child has resided ever since.

By the time of the September 2016 termination-of-parental-rights hearing, the parents were living in an efficiency apartment and the mother was employed at a McDonald's restaurant. In its order terminating parental rights, the juvenile court found:

> The family has been ordered to do various services, and the parents have not complied with the services offered. The [child in need of assistance (CINA)] case for this child has proceeded for an extended period of time considering [the child's] young age with little improvement towards reunification between the child and the family. The child has been out of the parents' care for sixteen of the last twenty-two months. [Since birth, the child] has waited for the parents to engage in services. This child needs and deserves permanency . . . .

At the time of the termination-of-parental-rights hearing the father . . . argues to the court that the efficiency apartment that they have is adequate and the child can be returned to the home. The apartment, which had a bed bug infestation, now has little if any furniture and no beds. The family repeatedly indicated they would be moving into a large residence but have not done so, which they now blame as a failure by the DHS. [The father] also blames the DHS for his failure to follow through with his drug screens, substance abuse and mental health evaluations. [The father] failed to complete any drug testing, not even offering a reason why he failed to give the requested sample. He denies drug use but continually fails to sign releases or provide the court any proof to take this issue off the table. He is unemployed and would be homeless but for the job [the mother] has managed to hold during their involvement with the court and the DHS. [The father] refuses to discuss any issues regarding his incarceration for a probation violation or any other topic that he deems is irrelevant.

[The mother] also argues to the court that the efficiency apartment that they have is adequate and the child can be returned to the home. [The mother] has failed to complete any drug testing. She flat out states that she does not have a drug problem and has made a decision not to provide any drug screens or follow through with any recommendations of her substance abuse evaluation. She started therapy but was discharged for lack of compliance. If she is not using she still fails to recognize the danger [the father] presents when allowed to care for this child as it is almost certain that he is still an active user. She has not followed through with the recommendations of her psychological evaluation arguing they were suggestions only and that she could choose to do them or not. She does all of this knowing that to provide even a modicum of proof and compliance would likely have resulted in the DHS and the court continuing the efforts towards reunification with her.

Both parents have missed over half of the visits scheduled with their child and the visits they made often ended early. [The mother] initially said [the father] was using drugs and then later recanted. [The mother] admitted to domestic violence and controlling behavior by [the father] and again recanted. If [the father] did any evaluations he refused to sign any releases and then blamed the DHS for not having them. Time and time again [the father] has been caught in lie after lie to the court and the DHS.

Both parents have attempted to obfuscate, delay and run out the clock on this case in the irrational belief or hope that they would gain custody of [the child] by default. The court offered services to both parents during the entirety of the CINA case. Both parents have failed to participate in services to correct the conditions which led to the removal of the child and have been outright indifferent to the court and DHS recommendations.

> [The DHS] offered, or the court ordered, the following services to assist the family with reunification: chemical dependency evaluations and treatment, random drug screens, mental health evaluations and treatment, psychological evaluations, family, safety, risk and permanency services, relative care, family team meetings, visitations, and social work/case management.
>
> The parents have had sixteen months since the child was removed to establish themselves as trustworthy, stable, and capable of caring for their child. They have failed to do so, despite the repeated offer and receipt of many services. There is no reason to keep the child from having a secure, adoptive relationship with parents who are able to meet these minimum requirements.
>
> To return the child to the parents' custody would subject [the child] to adjudicatory harms of abuse or neglect. The same problems that precipitated the child's removal from the parents' care—untreated chemical dependency, untreated mental health problems, lack of appropriate housing and employment, minimal compliance, criminal activity, incarceration, and lack of verification or commitment—exist after over sixteen months of services. The parents have shown that they are not prepared to care for their child. There was no evidence that giving them additional time to address their problems would be fruitful in the near future. There is no bond between this child and the parents that would warrant the court allowing for more time to reunify.
>
> Reasonable, but unsuccessful, efforts were made to reunify the child with the parents. The child cannot be returned to either parent as of today's hearing nor in the foreseeable future.

The court terminated the mother's and the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), (i), and (*l*) (2015), and concluded termination of parental rights was in the best interest of the child. When the juvenile court terminates parental rights on more than one ground, we may affirm the order on any ground we find supported by clear and convincing evidence in the record. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We choose to address the ground for termination under section 232.116(1)(f).

To terminate parental rights under section 232.116(1)(f), the State must show the child is four years of age or older, has been adjudicated a CINA, has been removed from the home for a requisite period of time, and the juvenile court

could not return the child to the parent's custody at the present time pursuant to section 232.102. *See* Iowa Code § 232.116(1)(f). T.M. is of the requisite age, has been adjudicated CINA, and has been removed from the parents' home for at least twelve of the last eighteen months. At issue is whether the State presented clear and convincing evidence T.M. could not be returned to the parents' care pursuant to section 232.102. *See id.* § 232.116(1)(f)(4).

We agree with the juvenile court that the father's unresolved substance-abuse issues place the child at risk for the adjudicatory harms of abuse or neglect. The record contains clear and convincing evidence that T.M. cannot be safely returned to the father's care at the present time. Throughout this case, the mother has chosen to maintain her relationship with the father, and they were living together at the time of the termination hearing. She believed the father could care for the child while she was working. She has put her own interests ahead of the safety of the child. We agree with the juvenile court's finding that if the mother is not using illicit drugs, "she still fails to recognize the danger [the father] presents when allowed to care for this child as it is most certain that he is still an active user." The record contains clear and convincing evidence that T.M. cannot be safely returned to the mother's care at the present time.

The parents also argue that termination is not in the best interests of the child due to the bond between the child and the parents. While the record discloses a bond between the child and the parents, the record indicates termination is in the child's best interests. The child is in need of a permanent placement and parents who can provide for the child's health, safety, and welfare

as the child grows to adulthood. These parents have not demonstrated an ability to provide that.

The father argues the State failed to provide sufficient evidence necessary to establish the DHS provided reasonable reunification efforts. *See id.* § 232.102(7) (stating the DHS "shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child."). The father did not preserve error for appeal on this issue. When a parent alleging inadequate services fails to demand services other than those provided, the issue of whether services were adequate is not preserved for review. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). He made no demand for services prior to the termination of parental rights hearing. Furthermore, when a parent alleges inadequate services, the parent should specify which services should have been provided and what effect receipt of those services would have had on the proceedings. *Cf. Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (noting a defendant claiming ineffective assistance of counsel must state specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome). The father has not specified which services should have been provided. His argument is too general to address. *Cf. id.* (finding claim of ineffective assistance of counsel too general to address where defendant did not explain how competent representation would have changed the result). In any event, a plethora of services were offered to the father. He simply chose to not participate in such services. We reject his argument.

The father also argues the juvenile court erroneously admitted "numerous" exhibits, but he does not specify which exhibits he refers to. The father's attorney had no objection to the juvenile court taking judicial notice of the CINA court file,[1] but claimed "numerous" objections were made to the exhibits contained in that file, and he renewed those objections at the termination of parental rights hearing. As to the CINA exhibits, the father's claim is barred by res judicata. *See In re J.D.B.*, 584 N.W.2d 577, 582 (Iowa Ct. App. 1998). The father also objected to two of the State's exhibits offered at the termination of parental rights hearing: exhibit 2, a list of offered/attended visits, and exhibit 3, an August 26, 2016 DHS report to the court. The father objected on hearsay, foundation, and reliability grounds. Reports and other writings by the DHS are admissible in termination-of-parental-rights proceedings, notwithstanding hearsay contained within them. *See In re N.N.*, 692 N.W.2d 51, 54 (Iowa Ct. App. 2004). We conclude the court did not abuse its discretion in admitting the exhibits.

After reviewing all the evidence, we agree with the juvenile court that the State proved by clear and convincing evidence that grounds for termination exist under section 232.116(1)(f) and termination of the parents' parental rights is in the child's best interests. Accordingly, we affirm the juvenile court's order terminating both the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**

---

[1] The juvenile court is authorized to judicially notice the pleadings and exhibits from previous CINA proceedings. *See In re T.C.*, 492 N.W.2d 425, 429 (Iowa 1992).