In the Interest of T.D.H., A Child;

C.S., Natural Mother, Appellant.

No. 2–69513.

Court of Appeals of Iowa.

Nov. 30, 1983.

Kermit L. Dunahoo of Kermit L. Dunahoo Law Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Brent D. Hege, Asst. Atty. Gen., for appellee.

Heard by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

The natural mother of a boy, now almost eight years old, appeals from a juvenile court decision ordering termination of her parental rights pursuant to Iowa Code section 232.116(5) and transferral of custody and guardianship of the boy to the department of social services for adoption. We affirm the juvenile court's decision.

The boy, T.D.H., was born in December 1975, to the mother, C.S., and her husband, who were divorced shortly thereafter. The department of social services first became involved with T.D.H. in May 1978, when it received a report that the mother's live-in boyfriend had struck the boy for wetting the bed. A series of other reports of abuse followed; the reports indicated that the mother and her boyfriend did not like T.D.H., that they rejected him and favored their three other children, and that the mother thinks T.D.H. looks like her father, whom she does not like.

In July 1979, T.D.H. was removed from the mother's home. In December 1979, the juvenile court adjudicated the boy a child in need of assistance, but it suspended judg-

ment and ordered the department of social services to formulate a plan for the boy to be returned to his mother. T.D.H. was returned in February 1980. The abuse continued, however, and there were reports that T.D.H. was being neglected and that the mother was not cooperating with counselors. In March 1980, the juvenile court revoked its suspended judgment and the boy was again removed from his mother's home.

Legal custody remained with the Polk County Department of Social Services, but the child was placed in the physical custody of his mother in February 1981. Social workers' concern about conditions in the home led to the removal of T.D.H. in July 1981. In August 1982, a petition for termination of the mother's parental rights was filed. Hearing was scheduled for September 16, 1982. On September 14, the mother applied for a sixty-day continuance of the hearing; she asserted that she was making progress in the counseling she had begun in July 1982. The juvenile court denied the application, and the termination hearing was held as scheduled. After the hearing, the juvenile court terminated the mother's parental rights, as described above.

On appeal, the mother asserts: (1) that the juvenile court abused its discretion in denying her motion to continue the termination hearing based on her progress in counseling; (2) that there was not sufficient evidence that the boy could not be returned to her pursuant to Iowa Code section 232.116(5)(c); and (3) that even if there was sufficient evidence to warrant termination, the juvenile court should have suspended judgment pursuant to Iowa Code section 232.100 and continued the proceedings subject to conditions imposed for the protection of the boy.

▆ Our review of parental termination proceedings is de novo. *In re Goettsche*, 311 N.W.2d 104, 106 (Iowa 1981). We accord weight to the findings of the juvenile court, particularly where the credibility of witnesses is at issue, however, we are not bound by those findings. Iowa R.App.P. 14(f)(7); *In re Dameron*,

306 N.W.2d 743, 745 (Iowa 1981). As always, the best interests of the child are our paramount consideration. *In re Chad*, 318 N.W.2d 213, 216 (Iowa 1982).

**I. Denial of Continuance.** The mother claims she asked the court for a sixty-day continuance because she was showing progress in her current counseling sessions and because her counselor testified that she would be able to tell whether the counseling would ultimately be successful by the end of that sixty-day period. The juvenile court determined that "the danger to the child in delaying the hearing herein far outweighs the benefit to be gained by taking a chance on further counselling sessions ...." The mother asserts the juvenile court abused its discretion by not allowing a mere sixty-day continuance to a case that had endured four years. She contends the court should not have looked at her past poor record, but should have focused on her recent improvements.

The mother argues that, had the sixty-day continuance been granted, the counselor would have been able to tell the court whether the program was working. If it was, the court could order a program for the child's reintegration into the family. If it was not, the court could then have gone forward. She complains that instead, this appeal has prolonged the process and the child still is not settled into a home.

The record indicates that the child cannot spare more time in legal struggles. The child's therapist was opposed to further continuance. Evidently, the child would be unable to develop close attachment ties to a family unit if he was placed in a new home after the age of nine. He will be eight very soon. Even if the counseling program with his mother looked promising in two months, the counseling necessary to change her parenting skills could take nine months to a year. If the reintegration program required this counseling to take place before the boy was returned to his mother, it might be too late for the boy to develop a close attachment to the family. A sixty-day continuance would not alter this fact.

The trial court appropriately was concerned for the best interests of the child. A sixty-day continuance would have benefitted only the mother. We recognize that there is a parental interest in the integrity of the family unit. However, this interest may be forfeited by certain parental conduct. *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981). The mother complains that the juvenile court's order, criticizing the mother's lack of interest in and failure to comply with past counseling programs, sounded like retribution against the mother. We disagree. The court may look at a parent's past performance. *Id.* We posit that it was much more reasonable for the court to look at past facts than future hypotheses. The supposedly successful counseling sessions had only focused on the mother's individual problems; there was no ability on the part of the therapists to predict success in changing the mother's treatment of the child. The juvenile court did not abuse its discretion in denying the motion for continuance.

**II. Sufficiency of the Evidence.**
The mother argues that there was not sufficient evidence, pursuant to Iowa Code section 232.116(5) (1981), that the boy could not be returned to her. We disagree. The department of social services was involved with the family since 1978. The family continually rejected T.D.H., though it accepted the other three children in the family, and the mother admitted to both verbally and physically abusing the boy. Although she maintained regular visitation with the boy when he was not living at home, she showed essentially no interest in meeting the counseling requirements of the department's program to change her treatment of him. As previously discussed, the evidence is insufficient to indicate whether her current success in counseling would reverse the seven-year trend on record. The child has no more time to wait for his mother to reform. There was sufficient evidence on the record for the juvenile court to terminate the mother's parental rights.

**III. Suspended Judgment.** The mother argues that the juvenile court should have suspended judgment pursuant to Iowa Code section 232.100 and continued the proceedings subject to conditions imposed for the protection of the boy. That section provides in part that: "After the dispositional hearing the court *may* enter an order suspending judgment and continuing the proceedings subject to terms and conditions imposed to assure the proper care and protection of the child." Iowa Code § 232.100 (1981) (emphasis added). Thus, the decision of whether to suspend judgment is left to the juvenile court.

In this case, the boy's need for a feeling of being wanted and loved by a family unit, added to the unproductive results of time leniency in the past, supports the juvenile court's decision not to suspend judgment.

AFFIRMED.