# IN THE COURT OF APPEALS OF IOWA

No. 15-0836
Filed July 22, 2015

**IN THE INTEREST OF J.C.,**
**Minor Child,**

**M.S., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Molly E. Alley of Oliver Law Firm, P.C., Windsor Heights, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John Sarcone, County Attorney, and Christina Gonzalez and Jessica Henry, Assistant County Attorneys, for appellee State.

Nancy L. Pietz of Pietz Law Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

A mother appeals the juvenile court order terminating her parental rights. We conclude the juvenile court did not abuse its discretion in denying the mother's motion to continue. The court also properly denied the mother's request for additional time to work on reunification. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

Mercedes and Joshua are the parents of J.C., who was born in October 2014. Mercedes was incarcerated at the Iowa Women's Correctional Facility on a charge of third-degree theft at the time of the child's birth. The mother's parental rights to three older children had previously been terminated. Mercedes has a history of substance abuse and criminal behavior. The child was removed from her care soon after birth and placed in foster care. On November 10, 2014, J.C. was adjudicated to be a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2013).

On December 14, 2014, the State filed a petition seeking to terminate the parental rights of Mercedes and Joshua. Mercedes was granted parole on February 9, 2015, and was released to the Fresh Start Women's Center. The juvenile court denied her motion seeking to continue the termination hearing.

The termination hearing was held on February 27, 2015. In the previous CINA cases involving her other children, Mercedes had not fully engaged in services, missed a majority of available visitation, and was not honest with service providers. In the present case she had signed up for parenting classes and individual therapy but had not started yet. She was offered six visits with

J.C. and missed one. She continued to have problems with honesty.[1] Evidence was also presented that the mother associated with people who use illegal substances and engaged in criminal activities. She did not take any steps to address concerns about substance abuse.

The juvenile court entered an order on April 28, 2015, terminating the mother's parental rights under sections 232.116(1)(b), (d), and (g).[2] The court found termination was in the child's best interests, noting, "the concerns that led to removal of this child, and her older biological siblings, continue to exist today." The court determined, "there are no legal exceptions in Iowa Code Section 232.116(3) which would argue against termination." Mercedes now appeals the termination of her parental rights to J.C.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interest of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

---

[1] During the hearing Mercedes initially stated she had not missed any visits, but then admitted she had missed one. She stated always took the bus when she left the facility to apply for jobs, then stated she sometimes got a ride with a friend. Furthermore, she had been using computers that were supposed to be used only for job applications to post on her Facebook page.

[2] Joshua's parental rights were also terminated. He has not appealed the juvenile court's order.

### III.    Motion to Continue

Mercedes contends the juvenile court should have granted her motion to continue.  She asserts there was good cause for the continuance because she was released from prison only about three weeks before the termination hearing.  The mother asserts she should have been given a longer period of time to demonstrate the child could safely be returned to her care.

Under Iowa Court Rule 8.5, part of the Iowa Rules of Juvenile Procedure, "A motion for continuance shall not be granted except for good cause."  *See In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013).  A juvenile court's ruling on a motion for continuance is reviewed under an abuse of discretion standard.  *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996).  We will "only reverse if injustice will result to the party desiring the continuance."  *Id.*

We conclude the juvenile court did not abuse its discretion in denying the mother's motion to continue.  The juvenile court may deny a motion for continuance if the continuance would have benefited only the parent and the parent's past performance does not support a prediction for future success in parenting the child.  *See In re T.D.H.*, 344 N.W.2d 268, 271 (Iowa Ct. App. 1983).  Here, the continuance would have benefited only the mother.  Also, the mother's past performance, which resulted in the termination of her rights to three other children, would not support a prediction for future success in parenting this child.

### IV.    Additional Time

Mercedes claims the juvenile court should have given her an additional six months to work on reunification with her child.  She again asserts she should have more time to engage in services.  She points out that she signed up for

parenting class and tried to get an appointment for individual therapy. She notes that she began visitation with J.C. as soon as she got out of prison. She also notes the child had been out of her care only four months at the time of the termination hearing.

The mother did not request services for concerns with mental health, substance abuse, or parenting while she was in prison. The juvenile court found:

> While the Court agrees Mother has had little time to demonstrate changes, the little time she has been in the community, her behavior has been consistent with her prior behaviors in her other children's cases. Mother has failed to follow basic rules of the Fresh Start Program, she has not engaged in recommended services such as therapy and a substance abuse evaluation, she continues to associate with inappropriate persons, has already missed visitation with the child and continues to be dishonest to providers and the Court. The Court finds Mother's past and current performance is indicative of her future behavior, which does not bode well for this child.

We determine the juvenile court properly denied the mother's request for additional time to work on reunification. During the short period of time the mother was out of prison before the termination hearing, she continued with the same patterns of behavior that led to termination of her parental rights to her other children. The mother agreed that some of the circumstances that existed at the time the CINA case opened continued to exist at the time of the termination hearing.

We affirm the decision of the juvenile court terminating Mercedes's parental rights to J.C.

**AFFIRMED.**