## IN THE COURT OF APPEALS OF IOWA

No. 17-0291
Filed May 17, 2017

**IN THE INTEREST OF**
**D.R., Minor Child,**

**C.M., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Adams County, Monty W. Franklin, District Associate Judge.


A mother appeals the juvenile court's adjudicatory and dispositional orders in child-in-need-of-assistance proceedings. **AFFIRMED.**



Bryan J. Tingle of Tingle Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jane A. Orlanes of Orlanes Law Office, P.L.C., for minor child.



Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court's adjudicatory and dispositional orders in a child-in-need-of-assistance (CINA) proceeding. We find the juvenile court properly denied the mother's motion to dismiss, the CINA adjudication was supported by clear and convincing evidence, and the court did not abuse its discretion in denying the mother's request for a suspended judgment. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

On July 30, 2016, C.M. appeared at an emergency room with her son, D.R., stating they were both covered with bugs. No bugs were seen by emergency room personnel or a social worker from the Iowa Department of Human Services (DHS). C.M. was given a drug test, which was positive for methamphetamine and oxycodone. D.R., who was six years old, is autistic, non-verbal, and hyperactive. The social worker discussed removal of the child because it was unsafe for C.M. to care for him at that time. C.M. voluntarily agreed to have the child placed in foster care.

An ex parte temporary removal order was filed on August 2. On August 8, the mother revoked her consent for removal of the child. On August 10, the State filed a CINA petition. The mother filed a motion to dismiss the CINA proceedings, claiming the CINA petition was untimely under Iowa Code section 232.78(3) (2016), because it was not filed within three days after the temporary removal order. The juvenile court entered an order stating:

> The Court finds that good cause exists for the delay in the filing of the Petition herein based upon the fact that the initial

removal was made with the consent of the mother of the child and the Removal Order simply confirmed the voluntary placement agreement of the child's mother; that it was reasonable for the State to assume that it was not necessary to file a Petition herein within the three day time limit as there was an agreement by the child's custodial parent, the child's mother, that removal was appropriate and consented to by the custodial parent; and that when Notice of the Revocation of that voluntary placement was filed herein by the child's mother, the State did then in fact file the Petition herein within two days after the filing of the Notice. The Court further finds that the child's parents have not been prejudiced by the short delay in the filing of the Petition herein for the reasons set out above.

The court determined the child was properly removed from the mother's care.

The mother had a hair test, which was positive for amphetamine but not methamphetamine. The mother stated she was positive for amphetamine due to a prescription medication. The juvenile court adjudicated the child a CINA, pursuant to section 232.2(6)(c)(2), finding there was clear and convincing evidence the mother was under the influence of a substance on July 31 and her erratic behavior placed the child at risk. The court found the mother had a delusional condition which caused her to hallucinate there were bugs on herself and the child.

The mother had a psychological evaluation and was diagnosed with post-traumatic stress disorder, obsessive compulsive disorder, and dysthymia.[1] The juvenile court entered a dispositional order on January 9, 2017, denying the mother's request for a suspended judgment under section 232.100. The court determined the child could not be immediately returned to the mother's care because she still needed to address her mental-health problems and follow through with any recommended substance-abuse treatment. The court directed

---

[1] Dysthymia is a continuous long-term form of depression.

the establishment of a transition plan for the orderly return of the child to the mother's care.

The mother filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), again asking for the child to be returned to her care. The motion was denied by the court. The mother now appeals the CINA adjudication and dispositional orders.

## II. Standard of Review

Our review in CINA proceedings is de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight". *Id.* "As in all juvenile proceedings, our fundamental concern is the best interests of the child." *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001).

## III. Motion to Dismiss

The mother claims the juvenile court should have granted her motion to dismiss the CINA proceedings. Section 232.78(3), pertaining to ex parte temporary removal orders, provides, "Except for good cause shown or unless the child is sooner returned to the place where the child was residing or permitted to return to the child care facility, a petition shall be filed under this chapter within three days of the issuance of the order." The mother notes the ex parte temporary removal order was filed on August 2, 2016, and the CINA petition was filed on August 10, 2016, more than three days later.

We agree with the juvenile court's conclusion the State showed good cause for the slight delay in filing the CINA petition. The mother signed a

voluntary foster care placement agreement on July 31, 2016, consenting to the removal of the child. We agree with the juvenile court's finding the State reasonably believed it was not required to file a petition within three days because the mother consented to the removal and "the Removal Order simply confirmed the voluntary placement agreement of the child's mother." After the mother filed notice of her revocation of consent to removal on August 8, 2016, the State filed a petition two days later, on August 10. We find the juvenile court properly denied the mother's motion to dismiss.

IV.     **Sufficiency of the Evidence**

The mother claims there is not sufficient evidence in the record to support the CINA adjudication. She states there was no credible evidence to show she was under the influence of methamphetamine. The mother states she had a prescription for Adderall, which would cause a positive drug test for amphetamine. The mother claims there is not clear and convincing evidence in the record to show she was unable to adequately supervise the child.

Section 232.2(6)(c)(2) permits a CINA adjudication for a child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of" "[t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." Allegations in CINA proceedings must be proven by clear and convincing evidence. Iowa Code § 232.96(2).

The medical report from July 31, 2016, shows the mother was experiencing hallucinations there were bugs all over herself and the child. She

6

stated, "they are under her skin and the bugs are red and white and with cold water, they will crawl out." A drug test was administered because of concerns with the mother's behavior, and it was positive for methamphetamine and oxycodone. The mother later had a hair test, which was positive for amphetamine, but not methamphetamine. While it is possible the mother's hallucinations were caused by mental-health problems rather than the use of illegal drugs, the fact remains she was in a condition where she was unable to "exercise a reasonable degree of care in supervising the child." *See* Iowa Code § 232.2(6)(c)(2). We determine the CINA adjudication was supported by clear and convincing evidence.

## V.    Suspended Judgment

The mother claims the juvenile court should have suspended judgment under section 232.100, which provides:

> After the dispositional hearing the court may enter an order suspending judgment and continuing the proceedings subject to terms and conditions imposed to assure the proper care and protection of the child. Such terms and conditions may include the supervision of the child and of the parent, guardian or custodian by the department of human services, juvenile court office or other appropriate agency designated by the court. The maximum duration of any term or condition of a suspended judgment shall be twelve months unless the court finds at a hearing held during the last month of that period that exceptional circumstances require an extension of the term or condition for an additional six months.

"[T]he decision of whether to suspend judgment is left to the juvenile court." *In re T.D.H.*, 344 N.W.2d 268, 271 (Iowa Ct. App. 1983). Our supreme court has stated, "when there is a suspended judgment, the child remains with the parent." *State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 615 (Iowa 2013).

The juvenile court determined removal of the child from the mother's care was necessary in this case. The mother needed time to address her mental-health problems and there needed to be a determination of whether substance-abuse treatment was required. The court concluded, "A suspended judgment pursuant to Iowa Code Sec. 232.100 is not appropriate since the child is still out of the mother's care." The matter was further addressed in the court's ruling on the mother's rule 1.904(2) motion, where the court stated even if a suspended judgment was available, it was not appropriate here.

We find the juvenile court did not abuse its discretion in denying the mother's request for a suspended judgment under section 232.100. A suspended judgment would be appropriate only if the child could be immediately returned to the mother's care. We determine it is in the child's best interests to be removed from the mother's care while she addresses the issues that led to the CINA adjudication.

We affirm the decision of the juvenile court.

**AFFIRMED.**