# IN THE COURT OF APPEALS OF IOWA

No. 18-1116
Filed September 12, 2018

**IN THE INTEREST OF D.R.,**
**Minor Child,**

**C.F., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

Mother appeals from an order terminating her parental rights pursuant to Iowa Code chapter 232 (2018).  **AFFIRMED.**

Elizabeth A. Ryan of Benzoni Law Office, PLC, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Lynn M. Vogan of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

This case arises out of a child welfare proceeding initiated pursuant to Iowa Code chapter 232 (2018). The mother of the child at issue appeals from an order terminating her parental rights pursuant to Iowa Code section 232.116(1)(d), (h), and (i). On appeal, the mother challenges the sufficiency of the evidence supporting one of the statutory grounds authorizing the termination of her parental rights. She also contends the juvenile court should have given her additional time to reunite with the child.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018) (setting forth the statutory framework). The burden is on the State to prove by clear and convincing evidence (1) the statutory ground or grounds authorizing the termination of parental rights and (2) "termination of parental rights is in the best interest[] of the child[]." *See In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017). Even where the State proves its case, however, the juvenile court has the discretion to preserve the parent-child relationship where the parent proves by clear and convincing evidence a statutory factor allowing preservation of the parent-child relationship. *See* Iowa Code § 232.116(3) (setting forth permissive factors to avoid the termination of parental rights); *In re A.S.*, 906 N.W.2d at 476 (stating it is the parent's burden to prove an exception to termination).

We first address the sufficiency of the evidence. The mother contends there is insufficient evidence to support termination of the mother's parental rights pursuant to Iowa Code section 232.116(1)(i). The mother does not challenge the sufficiency of the evidence supporting the other statutory grounds authorizing the termination of her parental rights. The mother's failure to challenge any of the other grounds constitutes waiver of any challenge to the other grounds. *See In re M.K.*, No. 14-0676, 2014 WL 2885366, at *2 (Iowa Ct. App. June 25, 2014). Where, as here, "the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We conclude there is clear and convincing evidence supporting termination of the mother's parental rights pursuant to section 232.116(1)(d) and (h). Because we have concluded there is sufficient evidence to support the termination of the mother's parental rights pursuant to section 232.116(1)(d) and (h), we need not address her challenge to the sufficiency of the evidence under paragraph (i).

The mother also contends the juvenile court should have given her additional time to pursue reunification efforts with the child at issue. Pursuant to Iowa Code section 232.104(2)(b), the juvenile court may enter an order deferring permanency for six months upon a finding the need for the child's removal will no longer exist at the end of the additional six-month period. The court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal . . . will no longer exist at the end of the [extension]." Iowa Code § 232.104(2)(b). "The court may

look at a parent's past performance" in determining if such a deferral is appropriate. *In re T.D.H.*, 344 N.W.2d 268, 269 (Iowa Ct. App. 1983). "The judge considering [deferred permanency] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005).

There is no evidence in the record showing the need for removal would no longer exist if the mother were given additional time to receive services. The mother does not identify what specific services would resolve the need for removal. She does not identify the specific factors, conditions, or expected behaviors she would change if given additional time to work toward reunification.

In contrast, the record shows the mother is not amenable to resolving the issues giving rise to removal. The child was born in May 2017. In June 2017, the mother took the infant child to an urgent-care clinic due to her concerns regarding the child twitching. The treating physician advised the mother that the twitching could represent seizure activity and that the child should be transported by ambulance to an emergency room. The mother became irate, refused further treatment, and left the clinic with the child. An hour later, the mother and father did take the child to the emergency room. Medical staff reported the mother was irrational and uncontrollable. Medical staff determined the child had suffered non-accidental injuries, including bleeding in the brain, bilateral retinal hemorrhages, and a femoral fracture. The police interviewed the mother the following day, and she admitted to causing the injuries. The State charged the mother with three counts of child endangerment causing serious injury, child abuse, and neglect of

a dependent person. In March 2018, the mother pleaded guilty to child endangerment causing bodily injury and neglect of a dependent person. The factual basis for the plea related to the mother leaving the clinic with the child without immediately obtaining medical care.

Concurrent with the criminal proceedings, the State initiated this child welfare proceeding. In July 2017, the child was removed from the care of the mother and services were initiated. The services initially did not include visitation with the child due to the entry of a no-contact order in the criminal case. In January 2018, the no-contact order in the criminal case was modified to allow the mother supervised visitation with the child to pursue psychotherapy. The mother initiated child-parent psychotherapy, but the mother refused to discuss the child's injuries as part of the therapeutic process. Subsequently, the State petitioned to terminate the mother's parental rights. At the termination hearing, the mother testified she took a plea deal but denied knowledge of who or what caused the child's injuries. The juvenile court found the mother's denial of causing the child harm not credible. We defer to the juvenile court's credibility finding. *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (noting a reviewing court is deferential to the juvenile court's credibility findings).

The mother's refusal to acknowledge and recognize the physical abuse she inflicted on the child supports the termination of the mother's parental rights. Her current refusal to acknowledge and recognize the serious injuries she previously admitted to inflicting upon her son shows she would not be amenable to treatment and would not make the necessary changes to protect the child from further harm.

*See In re I.H.*, No. 16-0815, 2016 WL 4379380, at *4 (Iowa Ct. App. Aug. 17, 2016) (affirming termination of parental rights where father refused to acknowledge child abuse); *In re D.R.S.*, No. 04-1602, 2004 WL 2952732, at *2 (Iowa Ct. App. Dec. 22, 2004) (affirming termination where "the parents refused to acknowledge any past abuse or parenting deficiencies"); *In re H.R.K.*, 433 N.W.2d 46, 50 (Iowa Ct. App. 1988) (stating "the requirement that the parents acknowledge and recognize the abuse before any meaningful change can occur is essential in meeting the child's needs").

For these reasons, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**