In re the MARRIAGE OF Tamara Susan Parker McGONIGLE and Mark Allen McGonigle.

Upon the Petition of

Tamara Susan Parker McGonigle, Appellee,

and

Mark Allen McGonigle, Appellant.

No. 93–942.

Supreme Court of Iowa.

June 21, 1995.

Mark Allen McGonigle, Ft. Madison, pro se.

Joseph J. Bitter, Dubuque, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

We affirm a dissolution-of-marriage decree entered against a prisoner who unsuccessfully requested appointment of a guardian ad litem, and who thereafter requested to—and was allowed to—represent himself.

Mark Allen McGonigle, a penitentiary prisoner faced with a dissolution-of-marriage proceeding, petitioned for appointment of a guardian ad litem pursuant to Iowa rule of civil procedure 13.[1] The district court grant-

---

1. Iowa rule of civil procedure 13 states:

No judgment without a defense shall be en-

ed the motion, provided McGonigle would pay the fees for the requested services. *See Lalla v. Gilroy*, 369 N.W.2d 431, 433–34 (Iowa 1985) (court without authority to compensate prisoner's attorney-guardian ad litem from public funds). Unwilling or unable to pay, McGonigle then filed a motion to represent himself and a motion to be transported to attend trial. He did attend trial and testified.

Thereafter the district court entered a decree dissolving the marriage. In this appeal McGonigle seeks reversal of the decree and again asks that, on remand, a guardian ad litem be appointed to represent him. *See Garcia v. Wibholm*, 461 N.W.2d 166, 170 (Iowa 1990) (judgment against incarcerated person without appointment of guardian ad litem voidable if person was represented—though inadequately—by attorney or court-appointed guardian, and judgment void if prisoner received no representation). Emphasizing that a civil suit, not a criminal prosecution, is involved, we reject McGonigle's appeal. Under the circumstances here we think McGonigle's appearance and participation in the trial satisfied everything intended for him by rule 13.

In this civil litigation McGonigle cannot borrow from the criminal field where he has a Sixth Amendment right to counsel. Even there that right can be waived; a criminally accused has a constitutional right to appear and defend pro se. *Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 582 (1975). The waiver must be freely and knowingly made, with an awareness of the accused's right to proceed with counsel. *State v. Hindman*, 441 N.W.2d 770, 772 (Iowa 1989); *State v. Hutchison*, 341 N.W.2d 33, 41 (Iowa 1983). We certainly do not suggest that a person accused of a crime would waive a right to counsel under the circumstances here.

Rule of civil procedure 13 serves a different purpose; it is intended to bring

before the court, through one acting as an officer of the court, the vicarious presence of one who for some reason is unable to attend a civil trial or present a defense. In *Garcia*, 461 N.W.2d at 171, we set aside a judgment in a civil suit for want of the actual presence or adequate defense by a guardian ad litem. McGonigle would have us translate the *Garcia* holding into a reversal here in view of his pro se status, especially following the order that conditioned the appointment of the guardian ad litem on his willingness or ability to pay the fee. But we do not think our *Garcia* holding calls for reversal here.

Our *Garcia* holding should not be interpreted to mean that a judgment is void where a defendant prisoner, otherwise competent, appears and participates in the trial. Rule 13 is not intended to go any further for the classes it protects than to place them on an equal footing with those not under one of the impediments listed. If McGonigle had not been incarcerated he would not be entitled to free representation by a lawyer. All he would be granted is the right to hire an attorney or, if he chose, to attend trial and represent himself. This is exactly what he was allowed to do here. There was no error.

**AFFIRMED.**

---

tered against a party then a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one judicially adjudged incompetent, or whose physician certifies to the court that he appears to be mentally incapable of conducting his defense. Such defense shall be by guardian ad litem; but the regular guardian of the attorney appearing for a competent party may defend unless the court supersedes him by a guardian ad litem appointed in the ward's interests.