**In re the MARRIAGE OF Deborah Sue SMITH and David Smith.**

**Upon the Petition of Deborah Sue Smith, Appellee,**

**And Concerning David Smith, Appellant.**

**No. 94–263.**

Supreme Court of Iowa.

Sept. 20, 1995.

Steven E. Howes, Cedar Rapids, for appellant.

No appearance for appellee.

## PER CURIAM.

The issue in this case is whether a judgment is void because it was entered against an incarcerated respondent who was not appointed a guardian ad litem pursuant to Iowa Rule of Civil Procedure 13 but who entered into a stipulation adopted by the district court. The district court found the judgment was valid and enforceable because respondent voluntarily entered into the stipulation adopted by the decree. The court of appeals affirmed the district court judgment finding respondent had waived his right to appointment of guardian ad litem in a provision of the stipulation. We find the judgment is valid because respondent voluntarily entered into the stipulation adopted by the decree. Therefore, we affirm.

## I. *Background Facts and Proceedings.*

On November 7, 1991, Deborah Sue Smith filed a petition to dissolve her marriage with David Lee Smith (Smith). Smith was served with notice of the petition while incarcerated in the Iowa State Penitentiary. On September 10, 1992, Smith signed a stipulation and the district court entered its dissolution decree on September 11, 1992.

On September 22, 1993, Smith filed a motion to set aside the decree, alleging the decree was void because he was incarcerated during the dissolution proceedings and was not represented by a guardian ad litem or court-appointed counsel as required by Iowa Rules of Civil Procedure 13 and 14. The district court denied the motion because it had not been filed within one year of the decree. *See* Iowa R.Civ.P. 252 and 253.

Smith filed an Iowa Rule of Civil Procedure 179(b) motion maintaining a void judgment can be challenged at any time. At the hearing on the motion Smith indicated he did not want to void the judgment entered dissolving the parties' marriage but only wanted to challenge the paternity determination and child support order. The district court found "there is no dispute that the respondent was either an inmate within the walls of the Iowa State Penitentiary ... or subject to the custody of the Director at a work release center up to and including the time the decree ... was entered." The court concluded, however, that the "dissolution decree ... is not void for lack of appointment of guardian ad litem where respondent voluntarily signed the stipulation approved by the decree." The court therefore denied the rule 179(b) motion.

Smith appealed. The court of appeals concluded Smith's waiver of counsel in a provision of the stipulation was equivalent to a waiver of guardian ad litem. Therefore, the court held the judgment entered on the decree approving the stipulation was valid and enforceable. We granted Smith's application for further review.

## II. *Void or Voidable Judgment.*

Smith argues that because he received no representation pursuant to Iowa Rule of Civil

Procedure 13 the dissolution of marriage decree is a void judgment that can be challenged and set aside at any time. We review the district court's ruling for errors of law. *See* Iowa R.App.P. 4.

Rule 13 provides:

**Defense by incompetent, prisoner, etc.** No judgment without a defense shall be entered against a party then a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one judicially adjudged incompetent, or whose physician certifies to the court that he appears to be mentally incapable of conducting his defense. Such defense shall be by guardian ad litem; but the regular guardian or the attorney appearing for a competent party may defend unless the court supersedes him by guardian ad litem appointed in the ward's interest.

We have held a "judgment entered against an incarcerated person without appointment of a guardian ad litem is voidable under rule 13 if the person was actually represented by an attorney or court-appointed guardian." *Garcia v. Wibholm,* 461 N.W.2d 166, 170 (Iowa 1990). However, the "judgment is void if the incarcerated person received no representation." *Id.* We limited our holding in *Garcia* in the recent case of *In re Marriage of McGonigle,* 533 N.W.2d 524 (Iowa 1995), finding that a judgment entered against an incarcerated person without representation is not void "where a prisoner, otherwise competent, appears and participates in the trial."

In *McGonigle,* a dissolution of marriage decree was entered against an incarcerated respondent who was not represented by guardian ad litem but who appeared at the proceedings pro se. We affirmed the decree finding that the respondent's appearance and participation in the trial satisfied everything intended for him by rule 13. We explained that rule 13 "is intended to bring before the court, through one acting as an officer of the court, the vicarious presence of one who for some reason is unable to attend a civil trial or present a defense." *Id.* at 525. "Rule 13 is not intended to go any further for the classes it protects than to place them on an equal footing with those not under the impediments listed." *Id.* We noted in *McGo-*

*nigle* that if the respondent had not been incarcerated "[a]ll he would be granted is the right to hire an attorney or, if he chose, to attend trial and represent himself." *Id.*

We are guided by our reasoning in *McGonigle* in determining whether the decree of dissolution is a void or voidable judgment because Smith received no representation pursuant to rule 13. In this case Smith did not contest the petition for dissolution of marriage. He chose to represent himself and voluntarily entered into a stipulation. The district court adopted the stipulation in its dissolution of marriage decree.

Under these circumstances we believe Smith was granted everything intended him under rule 13. *See id.* at 525; *cf. Payne v. Superior Court of Los Angeles County,* 17 Cal.3d 908, 132 Cal.Rptr. 405, 417, 553 P.2d 565, 577 (1976) (if the prisoner is not contesting the suit against him or any aspect of it, there is no need for counsel). Therefore, the dissolution decree is not void because Smith did not receive representation. To hold otherwise would be going further than placing Smith on equal footing with other civil litigants not under the impediment of incarceration. If Smith were not incarcerated he would have the right to hire an attorney or represent himself. He would not be granted the right to have a guardian ad litem appointed to represent him in the stipulation.

We note that rule 13 protects other classes, minors and incompetent persons, under impediments that are not removed unless a guardian ad litem is appointed to represent their interests in a suit brought against them. We simply hold the judgment entered against an otherwise competent incarcerated person who voluntarily enters into a stipulation adopted by the decree is not void because the person was not appointed a guardian ad litem pursuant to rule 13.

III. *Conclusion.*

We conclude the dissolution of marriage decree is a valid and enforceable judgment. Therefore, we affirm the district court and court of appeals decisions.

DECISION OF COURT OF APPEALS
AND JUDGMENT OF DISTRICT COURT
AFFIRMED.

All justices concur except LAVORATO,
CARTER, and SNELL, JJ., who dissent.

LAVORATO, Justice (dissenting).

In *In re Marriage of McGonigle*, 533
N.W.2d 524 (Iowa 1995), we started down the
slippery slope toward emasculating Iowa
Rule of Civil Procedure 13 and our interpretation of it in *Garcia v. Wibholm*, 461 N.W.2d
166, 170 (Iowa 1990). I say we should draw
the line in this case, and I think there is good
reason to do so.

The waiver the majority relies on is this
paragraph in the stipulation:

> Respondent has been advised of his right
> to seek counsel of his choosing. He has
> chosen not to proceed with counsel and
> affirmatively states Petitioner's counsel
> has not given him legal advice and does
> not represent him.

Significantly, this language neglects to mention that petitioner's counsel told Smith of
Smith's rights under rule 13. To the contrary, the language affirmatively says counsel has not given Smith legal advice.

Waiver is the "intentional or voluntary relinquishment of a known right." Black's Law
Dictionary 1580 (6th ed. 1990). The record is
silent on whether Smith knew of his rights
under rule 13 but was nevertheless waiving
those rights. Without such evidence, we can
hardly say that Smith intentionally or voluntarily waived his rights under rule 13.

The majority's heavy reliance on *McGonigle* is misplaced. As the majority points out,
in *McGonigle* we explained that rule 13 "is
intended to bring before the court, through
one acting as an officer of the court, the
vicarious presence of one who for some reason is unable to attend a civil trial or present
a defense." *McGonigle*, 533 N.W.2d at 525.
Here Smith was not before the court either
in person or vicariously through an officer of
the court.

I would hold that the judgment in this case
is void, and I would reverse and remand for a
trial on the issues Smith raises.