In the INTEREST OF S.R., Minor Child.

S.R.H., Father, Appellant.

No. 95–1529.

Court of Appeals of Iowa.

June 27, 1996.

Eric W. Johnson of Beecher, Rathert, Roberts, Field, Walker & Morris, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller–Todd, Assistant Attorney General, for appellee State.

Sharon Briner, Assistant Public Defender, Waterloo, for minor child.

Heard by SACKETT, C.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

This opinion supplements our prior opinion filed on March 27, 1996. *In re S.R.*, 548 N.W.2d 176 (Iowa App.1996). In that opinion, we remanded this case to the trial court with instructions to take additional evidence as to the circumstances surrounding Sherman's entry to Mt. Pleasant. That record has now been made, filed, and reviewed by the court.

As noted in our previous opinion, Sherman received personal service of the notice of termination hearing on May 18, 1995, while in a residential treatment facility in Waterloo. The notice recited:

[Y]ou have a right to be represented by an attorney at the hearing. If you are financially unable to hire an attorney, the Court will appoint one for you, if you notify the Clerk of Juvenile Court of this fact within five days after you receive this Notice. If you do not employ an attorney or notify the Clerk within the specified time that you wish an attorney, you will be deemed to have waived this right.

Notice by publication was also had between May 30, 1995 and June 13, 1995. Sherman did not contact the clerk to request counsel. In our earlier opinion, we held that Sherman waived his right to counsel.

Also as noted in our previous opinion, at the time of the termination hearing Sherman was an inmate at the correctional facility at Mt. Pleasant. From our review of the newly filed transcript, it appears the sheriff was directed to transfer Sherman "to the Iowa Mental Health Institute in Mt. Pleasant, Iowa."

■ We conclude, under the circumstances here, the order to confine Sherman to the correctional facility at Mt. Pleasant is the equivalent to a confinement to a penitentiary or reformatory under Iowa Rule of Civil Procedure 13.[1]

The State contends rule 13 does not apply, for Sherman was not in a penitentiary or reformatory at the time of the termination hearing but was in a residential facility for substance abuse treatment. The State relies on *In the Interest of T.C.*, 492 N.W.2d 425 (Iowa 1992), to support its position.

The holding in *T.C.* should be limited to the facts of that case. There, the father, even though he was timely and properly served with an original notice of the child in need of assistance proceedings, asserted that under Iowa Rule of Civil Procedure 13 he was entitled to a guardian ad litem to represent him at the CINA hearing for he was confined in the drug addiction ward of St. Luke's Hospital in Cedar Rapids. He claimed that since a guardian ad litem was not appointed, the CINA adjudication was void.

The supreme court first ruled that the only language in rule 13 which might apply to the father was the reference to a party confined in a penitentiary, reformatory, or any state hospital for the mentally ill. The supreme court went on to say, however, that St.

Luke's Hospital in Cedar Rapids did not precisely fit into that language. *Id.* It concluded that St. Luke's "is not a state hospital for mentally ill nor is the county jail a penitentiary or reformatory." *Id.* at 278–79. But here, Mt. Pleasant is a state correctional facility which is to be utilized as a medium security facility "for men primarily for treatment of inmates who exhibit treatable personality disorders, with or without accompanying history of drug or alcohol abuse." Iowa Code § 904.204 (1995).

■ The State advances a strong argument that rule 13 does not apply under the circumstances of this case for it applies only in civil cases in which the defendant does not have a right to court-appointed counsel. The State points out that in civil actions between private parties, each party is generally responsible for its own counsel. Thus, to prevent injustice towards one who is confined in a penitentiary, the rule allows for the defense of a person by a guardian ad litem.

The State then proceeds to argue that, unlike a party in a civil suit, a parent, whether incarcerated or not, is entitled to an attorney for a termination hearing pursuant to Iowa Code section 232.113 (1995). If the parent desired an attorney and could not afford one, a request could be made for one to be appointed. It continues with its argument that this code provision gives the father a greater right than a defendant in a civil suit for the father has the right to a court-appointed attorney. Thus, the State concludes the code section is controlling, not rule 13.

We find considerable merit in this contention of the State. The supreme court has stated the purpose of rule 13 is to "bring before the court, through one acting as an officer of the court, *the vicarious presence* of one who for some reason is unable to attend a civil trial or present a defense." *In re Marriage of McGonigle*, 533 N.W.2d 524, 525 (Iowa 1995) (emphasis added). Here the fa-

---

1. **Defense by incompetent, prisoner, etc.** No judgment without a defense shall be entered against a party then a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one judicially adjudged incompetent, or whose physician certifies to the court that he appears to be mentally incapable of conducting his defense. Such defense shall be by guardian ad litem; but the regular guardian or the attorney appearing for a competent party may defend unless the court supersedes him by a guardian ad litem appointed in the ward's interest.
Iowa R. Civ. P. 13.

ther had, and waived, a statutory right to be represented by counsel.[2] He had an opportunity for a "vicarious presence" in court and opted not to utilize it.

Another recent decision of the supreme court reflects that the appointment of a guardian ad litem is not necessary if the purposes of rule 13 are otherwise satisfied. In *In re Marriage of Smith*, 537 N.W.2d 678, 680 (Iowa 1995), the supreme court held a judgment of dissolution entered against an otherwise competent incarcerated person was not void where the incarcerated person had voluntarily entered into a stipulation adopted by the dissolution decree. The *Smith* decision reflects that the court appears to be looking to see if the circumstances of a case "satisfied everything intended for [the incarcerated defendant] by rule 13." *Smith*, 537 N.W.2d at 680.

The *Smith* and *McGonigle* cases indicate rule 13 is merely intended to put an incarcerated party on equal footing with other civil litigants not under the impediment of incarceration. *Smith*, 537 N.W.2d at 680; *McGonigle*, 533 N.W.2d at 525. It "is not intended to go any further for the classes it protects than to place them on an equal footing with those not under one of the impediments listed." *McGonigle*, 533 N.W.2d at 525.

Sherman's statutory right to counsel would have satisfied everything which was intended for an incarcerated defendant under rule 13 and would have given him a vicarious presence in the case. He was given the opportunity to be represented by counsel—the same right accorded all parents in termination proceedings. To compel the juvenile court to appoint a guardian ad litem, even after the father has waived his statutory right to counsel, would appear to accord the father greater rights than other civil litigants in termination proceedings. We reject Sherman's argument that the absence of a guardian ad litem rendered the termination order void under rule 13.

In his appeal, the only issue raised by Sherman was the application of rule 13, and

he did not challenge the merits of the court's decision to terminate his parental rights. Given that there is no appeal on the merits of the order, it is affirmed.

**AFFIRMED.**

HUITINK, J., concurs.

SACKETT, C.J., specially concurs.

SACKETT, Chief Judge, concurring specially.

I concur with the majority opinion, although I question whether the Rules of Civil Procedure apply to juvenile cases.

---

**2.** On appeal from the remand, the father argues he did not waive his right to counsel. Our prior opinion conclusively disposed of the waiver issue. To the extent Sherman offered additional evidence on this issue on remand, it was beyond the scope of the remand directed by this court and we will not consider it.