**IN THE COURT OF APPEALS OF IOWA**

No. 15-0812
Filed June 15, 2016

IN RE THE MARRIAGE OF DIANA LYNN DOWNS
AND TRAVIS LEE DOWNS

Upon the Petition of
DIANA LYNN DOWNS,
　　　　Petitioner-Appellee,

And Concerning
TRAVIS LEE DOWNS,
　　　　Respondent-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Timothy J. Finn,

Judge.

An ex-husband who was in jail at the time of the dissolution-of-marriage

proceeding seeks to vacate the decree because he was not appointed a

guardian ad litem under Iowa Rule of Civil Procedure 1.211. **AFFIRMED.**

John D. Jacobsen of Jacobsen, Johnson & Wiezorek, P.L.S., Cedar

Rapids, for appellant.

Michael E. Marquess of Hinshaw, Danielson & Marquess, P.C.,

Marshalltown, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Travis Downs seeks to vacate the decree dissolving his marriage to Diana Downs.[1]  On the day of the dissolution trial, Travis was in the Tama County jail awaiting trial on domestic violence charges.  He claims the district court erred in not appointing him a guardian ad litem under Iowa Rule of Civil Procedure 1.211. Because that rule did not apply to Travis's situation, we affirm.

Travis and Diana married in September 2011.  They had two sons: K.D., born in 2012; and L.D., born in 2013.  The district court found Travis "regularly inflicted severe physical and emotional injury on Diana" during their short marriage.  Travis was charged with domestic abuse assault, going armed, and sexual abuse.  The court issued an order prohibiting Travis from having contact with Diana or the children.

Diana filed a divorce petition in January 2014.  Travis initially hired an attorney, but his counsel withdrew in August 2014.  In September 2014, Travis filed a pro se motion to continue the dissolution proceedings, asserting he was "currently fighting criminal charges" and did not "yet have a lawyer retained to handle the remainder of the divorce."  Diana resisted the continuance, contending she was prepared for the October 8 trial date, Travis had "voluntarily become unrepresented," and she "strongly desired to reach a resolution through trial."  The district court granted Travis's motion, ruling: "The Court would not be willing to continue this case for the reason that the respondent is unrepresented, but under all the circumstances, the respondent's motion to continue should be

---

[1] She is now known as Diana Hempy.

granted . . . . [T]his Court will not grant another continuance if he fails to promptly obtain counsel." The court rescheduled the matter for March 18, 2015.

In early March, Travis filed a second motion to continue the proceedings until "sometime in June 2015" as he had yet to retain counsel and had unresolved criminal charges. The district court denied the motion to continue. Travis renewed his request for a continuance; the court again denied it, stating, "No progress has been made in trying this case. It has been set for six months. No further continuances will be granted." The court issued an order for Travis to appear at the hearing telephonically from the Tama County jail.

At the start of the March 18, 2015 hearing, Travis—appearing pro se by telephone—asked for a guardian ad litem to be appointed under Iowa Rule of Civil Procedure 1.211, which provides:

> No judgment without a defense shall be entered against a party then a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one adjudged incompetent, or whose physician certifies to the court that the party appears to be mentally incapable of conducting a defense. Such defense shall be by guardian ad litem; but the conservator (and if there is no conservator, the guardian) of a ward or the attorney appearing for a competent party may defend unless the proceeding was brought by or on behalf of such fiduciary or unless the court supersedes such fiduciary by a guardian ad litem appointed in the ward's interest.

The district court declined to delay the proceedings to appoint a guardian ad litem. Diana, who was represented by counsel, testified at the hearing. Travis did not request and was not afforded cross-examination. The court then allowed Travis to make a statement regarding what he believed would be "a fair disposition of this marriage . . . in terms of division of the property, custody of the children, child support, [and] visitation, all of those things." Travis made a

lengthy statement to the court, covering both the property division and the child custody issues.

On April 10, 2015, the district court entered a decree dissolving the marriage. The decree awarded sole legal custody and physical care of the children to Diana and ordered Travis to pay child support in the amount of $828.58 per month. The decree also divided the parties' property.

On appeal, Travis does not specifically attack provisions of the decree. Instead, he argues the district court violated rule 1.211 by not appointing him a guardian ad litem and, therefore, the decree is void and must be vacated. He asks us to remand the matter for resubmission.

We review the district court's denial of a motion under the rules of civil procedure for errors of law. *In re Marriage of Smith*, 537 N.W.2d 678, 680 (Iowa 1995). Generally, a judgment against an incarcerated person who received no representation is void. *Garcia v. Wibholm*, 461 N.W.2d 166, 170 (Iowa 1990).

In analyzing Travis's claim, we turn first to the language of rule 1.211. By its express terms, the rule does not apply to all incarcerated litigants but only to those confined in a penitentiary, reformatory, or state hospital. *See* Iowa R. Civ. P. 1.211. Travis was confined in the Tama County jail. A county jail is not a penitentiary or reformatory. *In re T.C.*, 492 N.W.2d 425, 428–29 (Iowa 1992). Because the conditions of Travis's confinement did not fall within the rule's plain language, we do not believe he was entitled to appointment of a guardian ad litem under the rule.[2]

---

[2] Our court previously applied rule 1.211 to a litigant who was in a county jail awaiting sentencing after pleading guilty to federal drug charges. *See In re Marriage of Frick*, No.

But even assuming rule 1.211 would apply to someone confined in a county jail, the dissolution decree is not void in this case. Travis appeared telephonically and participated in the trial. Travis did not have counsel because he did not retain a new attorney after his original counsel withdrew. We find his appearance and participation satisfied the purpose of the rule of civil procedure. *See In re Marriage of McGonigle*, 533 N.W.2d 524, 525 (Iowa 1995). The *McGonigle* court explained:

> Rule [1.211] is not intended to go any further for the classes it protects than to place them on an equal footing with those not under one of the impediments listed. If McGonigle had not been incarcerated he would not be entitled to free representation by a lawyer. All he would be granted is the right to hire an attorney or, if he chose, to attend trial and represent himself. This is exactly what he was allowed to do here. There was no error.

533 N.W.2d at 525.

Similarly, had Travis not been in jail, he could have retained new counsel or represented himself. Those same options presented themselves during the March 18, 2015 hearing. Travis was not entitled to court-appointed counsel for the dissolution proceeding. *See Smith*, 537 N.W.2d at 681 ("If Smith were not incarcerated he would have the right to hire an attorney or represent himself. He would not be granted the right to have a guardian ad litem appointed to represent him in the stipulation.").

---

06-1243, 2008 WL 4325520 (Sept. 17 2008). In *Frick*, a default judgment was entered against the wife after she entered her guilty plea. *Id.* at *1. We stated her initial confinement in a county jail was "less important than the fact that her incarceration prevented her from appearing and defending." *Id.* at *2. We believe *Frick* can be distinguished because the wife's confinement in the county jail was only an initial hold, and, unlike Travis, she was not afforded any opportunity to appear at the dissolution proceedings.

Rule 1.211 "is intended to bring before the court, through one acting as an officer of the court, the vicarious presence of one who for some reason is unable to attend a civil trial or present a defense." *McGonigle*, 533 N.W.2d at 525. While Travis was unable to appear in person, he participated by telephone. He was able to argue his position for child custody and equitable distribution of the couple's assets. Nothing in the record indicates Travis was not competent in expressing his position to the court. Because Travis was competent, appeared, and participated in the hearing, the dissolution decree is not void. *See id.*

**AFFIRMED.**