# IN THE COURT OF APPEALS OF IOWA

No. 19-1757
Filed January 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MONICA FRANCES FAGAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Monica Fagan appeals an order for reimbursement of jail fees. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Monica Fagan appeals an order for reimbursement of jail fees. We find her constitutional claims are not preserved and the reimbursement order is not void. We affirm.

### I. Background Facts & Proceedings

In January 2019, Fagan pleaded guilty to willful injury causing serious injury and first-degree robbery. She was sentenced on February 27.[1] The sentencing court suspended the fine for her offense and found she had "the reasonable ability to pay restitution of fees and costs in the amount approved by the State Public Defender or $100, whichever is less."

On May 9, 2019, the district court approved a claim for reimbursement of jail fees totaling $44,955.00—charges for administrative costs and room and board for 759 days. The order approving the jail fees was sent to Fagan's home address, not to her department of corrections location.

On July 25, Fagan requested a hearing on the jail fees issue, which the court granted. Fagan participated in the hearing representing herself, asserting she did not have the ability to pay that amount and asking the court to modify or expunge the fees. The court denied her motion stating, "I would recommend trying the administrative route and seeing if working directly with the jail they could work an arrangement with you, but I don't think this court has the discretion to alter that number especially based on your ability to pay."

---

[1] We affirmed her convictions on appeal but vacated part her sentence relating to a mandatory minimum prison term and remanded for resentencing. *State v. Fagan*, No. 19-0492, 2020 WL 1310319, at *3 (Iowa Ct. App. Mar. 18, 2020).

Fagan appeals. She asserts Iowa Code section 356.7 (2019) violates her due process rights both on its face and as-applied, the reimbursement order is an unconstitutionally excessive fine, and the judgment is void and must be vacated.

## II. Standard of Review

"We review rulings on questions of statutory interpretation for correction of errors at law." *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019) (citation omitted). "We review constitutional issues de novo." *State v. Klawonn*, 609 N.W.2d 515, 517 (Iowa 2000).

## III. Analysis

Iowa Code section 356.7 allows a county sheriff to charge a prisoner who has been convicted of an offense "for the actual administrative costs relating to the arrest and booking of that prisoner, for room and board provided to the prisoner, . . . and for any medical aid provided to the prisoner." At the time, the sheriff could pursue the fees either by incorporating the jail fees within the restitution order or by seeking a civil judgment for the fees.[2] Iowa Code § 356.7(2)(i), (3); *see Gross*, 935 N.W.2d at 700–01.

In the district court, Fagan sought to have the jail fees reduced using a reasonable-ability-to-pay analysis.[3] However, "an award of jail fees is not subject to a reasonable-ability-to-pay limitation unless the fees are a component of

---

[2] In 2020, our legislature struck the restitution option and amended the procedure for the sheriff to pursue reimbursement, requiring the sheriff to file the claim "in a separate civil action rather than as a claim in the underlying criminal case." 2020 Iowa Acts ch. 1074, §§ 60, 61 (codified at Iowa Code § 356.7(4)).

[3] In *State v. Albright*, 925 N.W.2d 144, 160–61 (Iowa 2019), our supreme court clarified the application of a statutory reasonable-ability-to-pay analysis to criminal restitution.

restitution." *Gross*, 935 N.W.2d at 703. Here, the sheriff did not seek to have the fees incorporated into the restitution order, so the reimbursement order is a civil judgment and not subject to a reasonable-ability-to-pay limitation. *See id.*

Although Fagan's concern in the district court was her reasonable ability to pay, on appeal she raises constitutional issues of due process and excessive fines and asserts the judgment is void because it was entered against her without notice.

No claim of a procedural-due-process violation was raised or considered by the district court.[4] To preserve these issues, Fagan needed to file a motion for reconsideration in this civil judgment pursuant to Iowa Rule of Civil Procedure 1.904(2). She did not do so, and therefore, these claims is not preserved for our review.[5] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

For her excessive-fine claim, Fagan told the district court her concern that "these fines are excessive." The State answers that this statement was insufficient to preserve error because she did not assert a violation of her constitutional rights. We agree with the State. *See Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322–23 (Iowa 2013) ("A party cannot preserve error for appeal by making only general

---

[4] Fagan also contends the district court violated Iowa Rule of Civil Procedure 1.211 by entering judgment against her while she was incarcerated without appointing a guardian ad litem. But, as the State notes, the rule does not apply where "a defendant prisoner, otherwise competent, appears and participates in the trial." *See In re Marriage of McGonigle*, 533 N.W.2d 524, 525 (Iowa 1995). Fagan appeared telephonically and participated in the hearing. Accordingly, rule 1.211 was not violated.

[5] We have previously rejected a due process claim similar to the one Fagan makes here. *See State v. Bogdan*, No. 10-1156, 2011 WL 6660603, at *1 (Iowa Ct. App. Dec. 21, 2011).

reference to a constitutional provision in the district court and then seeking to develop the argument on appeal."). No argument was developed before the district court, nor was the excessive-fine issue decided in the resulting order. This issue is not preserved for our review.[6]

Finally, Fagan claims the judgment was void because it was entered against her without notice. The State counters the notice issue renders the judgment voidable, not void, and asserts Fagan did receive notice.

"A judgment is void when the court lacks jurisdiction of the parties or of the subject matter, lacks the inherent power to make or enter the particular order involved, or acts in a manner inconsistent with due process of law." *Opat v. Ludeking*, 666 N.W.2d 597, 606 (Iowa 2003) (citation omitted). A voidable judgment "is enforceable until reversed or vacated." *Id.* "Procedural irregularities or errors of law render a judgment voidable, not void." *Id.*

"Normally, a judgment entered against a party without notice is void, as the court has no personal jurisdiction over the defendant." *Id.* Here, the court provided Fagan a hearing, Fagan appeared, and she challenged the civil judgment entered. The court concluded it did not have the discretion to alter the judgment. Despite the lack of the original notice, Fagan had the opportunity to present her objections at the hearing on the issue. *See State v. Roland*, No. 19-1434, 2020 WL 4497135, at *1 (Iowa Ct. App. Aug. 5, 2020) ("In any event, due process only requires notice

---

[6] Although not preserved here, Fagan raises important questions on the punitive nature of jail fees, disproportionality, and the applicability of the excessive fines clauses of the state and federal constitutions to jail fees, which are not currently resolved by Iowa law.

and an opportunity to be heard, which Roland was provided.").  The court had the jurisdiction and authority to issue the order, and the civil judgment is not void.

**AFFIRMED.**