# IN THE COURT OF APPEALS OF IOWA

No. 21-0772
Filed August 18, 2021

IN THE INTEREST OF A.M.,
Minor Child,

STATE OF IOWA,
        Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

The State appeals the dismissal of a petition for termination of a father's parental rights. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena and Mary A. Triick, Assistant Attorneys General, for appellant State.

Shannon M. Leighty, Nevada, for appellee father.

Kimberly Ann Voss-Orr, Ames, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

On appeal, the sole issue before our court is the adequacy of service on an incarcerated father. We determine the father was personally served in accordance with the Iowa Rules of Civil Procedure and within the meaning of Iowa Code section 232.112 (2021). Accordingly, we reverse the district court's dismissal of the petition and remand for entry of the district court ruling concerning the May 13, 2021 termination hearing.

## I.        Background Facts and Proceedings

A brief recitation of the facts preceding the appeal follows. A.M. is an infant, born in October 2020. When he was approximately two weeks old, A.M. suffered significant trauma that required A.M. to be life-flighted to Blank Children's Hospital and then to Iowa City for surgery necessary for his survival. A.M. spent a little over two months in the Pediatric Intensive Care Unit (PICU) at both Blank and Iowa City Children's Hospitals. A.M. was intubated for a majority of that time, as he could not breathe on his own. He was diagnosed with acute respiratory failure, acquired pneumomediastinum, an esophageal tear, history of bruising in infant, and malnutrition. A.M. was removed from parental custody prior to his discharge from his two-month hospitalization. A.M.'s father subsequently pled guilty to child endangerment, a class "D" felony, and was sentenced to an indeterminate five-year prison term.

On April 19, 2021, the State filed a petition for termination of the father's parental rights. A hearing convened on May 13. Prior to the presentation of evidence, the father moved to dismiss the petition based on a lack of proper service and asserted that because he had been in custody since October 28, service must

be made by an official of the institution. The father also argued personal service pursuant to Iowa Rule of Civil Procedure 1.305(1) was improper because he was incarcerated. The father noted that, although the State published notice to both the mother and the father, the proper procedure for publication of notice was not followed.[1] At hearing on the State's petition for termination, the State informed the court that, while proof of service was not filed prior to the hearing, the father had been personally served and such proof was forthcoming. The State further indicated that they contacted the Johnson County Sheriff's Office and confirmed the father was served on April 21. The district court overruled the motion to dismiss, indicating the motion could be "renewed at a later time if the proof of service or notice provided is inconsistent with the statute or rules of procedure."

A full hearing on the State's petition for termination was held, with the father participating for the entirety of the hearing by phone.[2] The following day, the father renewed his motion to dismiss by filing a written motion to dismiss and reopen the record.[3] The district court conducted a hearing on the motion on May 20 and issued a ruling dismissing the State's petition, finding:

> On May 13, 2021, the State filed a proof of service showing the Johnson County Sheriff served Kim Nissen, IMCC [Iowa Medical Classification Center correctional facility] staff member. Father's Exhibit F shows Ms. Nissen works as a secretary at the IMCC

---

[1] The order setting hearing provided that all necessary parties be served personally with a copy of the petition and a copy of the order setting hearing not less than seven days prior to hearing. The order setting hearing also allowed service by publication on the parents if the parents were unable to be personally served. Iowa Rule of Civil Procedure 1.310 allows for service by publication after the filing of an affidavit that personal service cannot be had on an adverse party in Iowa. Such procedure was not followed in this case.

[2] The father filed a witness and exhibit list on May 10, 2021.

[3] The guardian ad litem for the child and A.M.'s mother supported the father's motion to dismiss.

switchboard and admit desk.  Exhibit F shows Ms. Leighty [father's attorney] inquired of Ms. Nissen who the warden's assistant was.  Ms. Nissen replied that the warden's assistant was Deputy Warden Mike Kane.  According to Rule of Civil Procedure 1.305(4), an inmate at IMCC may be served by the official in charge of the institution or the official's assistant.  Proof of such service shall be by the official's certificate if the institution is in Iowa or by affidavit if out of Iowa.

. . . . One could make an argument that a prison warden is assisted in the running of the institution by every employee, even the night custodian, and that every employee is therefore an assistant to the warden.  The Rule however does not go that far.  The Rule contemplates official legal acts to be performed by persons with legal authority over the institution—the official or the official's assistant.  The official or the assistant would then be vested with authority to issue an official certification showing proof of service.

No person identifying themselves as the official in charge of IMCC or that official's assistant filed the required certificate.  An affidavit was filed by someone identifying themselves as Stuart Kimble.  There is no evidence Mr. Kimble is the official in charge of IMCC or that official's assistant.  Further, what Mr. Kimble filed was an affidavit, not the official's certificate.  An affidavit may be filed only if service was made by an official from an out-of-state institution.

The Rule is written in plain, unambiguous words and phrases.  Giving the words and phrase their plain meaning leads the court to conclude service was not accomplished on [father].  The interpretation of the Rules must be made according to the specific circumstances of the case.  [Father] is not a member of the general public, he is an inmate in a state institution operated by the department of corrections.  Service on such individuals is provided by court rule and was not accomplished.  The case should be dismissed as requested.

Following the district court dismissal, the State appeals.  We turn to the State's argument under rule 1.305(1), as it is dispositive of the appeal.[4]

---

[4] The State additionally argues the district court erred in finding the State failed to effectuate personal service on the father pursuant to rule 1.305(4).  Alternatively, the State argues the district court erred in dismissing the termination petition rather than continuing the matter to allow service to be effectuated pursuant to rule 1.305(4).  While we do not reach the issue of service under rule 1.305(4), the record reflects a return of service on the father by Johnson County Deputy Sheriff Brad Kunkel, by substitute service on IMCC staff, Kim Nissen.  There is not a certificate of an official from the Department of Corrections in the record.

## II.    Standard of Review

"We review a motion to dismiss for failure to effect timely service of process for the correction of errors at law." *In re B.G.*, No. 19-1194, 2020 WL 2988017, at *1 n.3 (Iowa Ct. App. June 3, 2020) (quoting *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004)).

## III.    Analysis

We are called upon to determine whether incarceration of the father within the Iowa Department of Corrections requires service pursuant to Iowa Rule of Civil Procedure 1.305(4) or whether personal service pursuant to rule 1.305(1) satisfies the requirements.  The relevant paragraphs are as follows:

> 1.305(1)  Upon any individual who has attained majority and who has not been adjudged incompetent, either by taking the individual's signed, dated acknowledgment of service endorsed on the notice, or by serving the individual personally; or by serving, at the individual's dwelling house or usual place of abode, any person residing therein who is at least 18 years old, but if such place is a rooming house, hotel, club or apartment building, a copy may be delivered to such person who resides with the individual or is either a member of the individual's family or the manager or proprietor of such place; or upon the individual's spouse at a place other than the individual's dwelling house or usual place of abode if probable cause exists to believe that the spouse lives at the individual's dwelling house or usual place of abode.
>     . . . .
> 1.305(4) Any person confined in a county care facility, or in any state hospital for the mentally ill, or any patient in the State University of Iowa hospital or its psychopathic ward, or any patient or inmate of any institution in the control of a director of a division of the department of human services or department of corrections or of the United States, may be served by the official in charge of such institution or that official's assistant.  Proof of such service may be made by the certificate of such official, if the institution is in Iowa, or that official's affidavit if it is out of Iowa.

Iowa R. Civ. P. 1.305(1), (4).

Iowa Code section 232.112(3) provides that notice shall be provided to necessary parties to a termination-of-parental-rights action through personal service and "shall be made according to the rules of civil procedure where not inconsistent with the provisions of this section." The rules of civil procedure, and specifically rule 1.305(1), provide that personal service may be made "[u]pon any individual who has attained majority and who has not been adjudged incompetent, either by taking the individual's signed, dated acknowledgement of service, endorsed on the notice, or by serving the individual personally."

On April 21, 2021, Stuart Kimball, a competent individual over the age of eighteen, personally served the father with the petition for termination, summons and notice,[5] and the order for hearing. An affidavit was filed verifying personal service. The district court determined that because the father was not a member of the general public but an inmate, service must be accomplished pursuant to rule 1.305(4) rather than rule 1.305(1). However, the service provided for in rule 1.305(4) is discretionary, providing that an inmate "may be serviced by the official in charge of such institution or that official's assistant." *See State v. Peel*, No. 08-0327, 2009 WL 2170252, at *1 (Iowa Ct. App. July 22, 2009) (citing *Thompson v. City of Des Moines*, 564 N.W.2d 839, 845 (Iowa 1997)) (noting that "may" is discretionary whereas "shall" is directory); *see also Kelly v. City of Cedar Falls*, 99 N.W. 556, 557 (Iowa 1904) ("The primary or ordinary meaning of the word 'may' is undoubtedly permissive and discretionary.").

---

[5] The summons and notice contained the date and time of the termination hearing.

We interpret the father's motion at the trial court level and in response to the State's appeal to acknowledge actual timely receipt of the required documents. The father's argument focuses on the method of the service rather than timing or a lack of service. We believe this is fatal to his claim. We determine the father was personally served pursuant to rule 1.305(1). Accordingly, we reverse and remand for entry of the district court's ruling on the termination hearing. As such, we do not reach the additional arguments raised by the State in this appeal.

A finding that substitute service under rule 1.305(4) is mandatory rather than discretionary is inconsistent with the plain language of the rule as well as with Iowa Code chapter 232. Iowa Code section 232.112 discusses notice and service issues in the specific context of termination of parental rights actions. This section provides that parents are necessary parties to a termination action and must receive "notice and an opportunity to be heard." Iowa Code § 232.112(1). Such notice is to be "served personally, sent by restricted certified mail, or sent by electronic mail or other electronic means with the consent of the party to be served." *Id.* § 232.112(3). The parties are to use whatever means of service "is determined by the court to be the most effective means of notification." *Id.* We determine that personal service on the father is an effective means of notification. While substitute service achieved through service on a secondary individual is also permitted by rule 1.305(4), we determine service under rule 1.305(1) satisfies the notice requirements.

## IV.    Conclusion

We determine the father was personally served in accordance with the Iowa Rules of Civil Procedure and within the meaning of Iowa Code section 232.112.[6] Accordingly, we reverse the dismissal of the petition and remand for entry of the district court's ruling concerning the termination hearing held on May 13, 2021.

**REVERSED AND REMANDED.**

---

[6] The father was incarcerated at the time of the termination hearing.  He was not appointed a guardian ad litem.  *See* Iowa R. Civ. P. 1.211 ("No judgment without a defense shall be entered against a party then . . . confined in a penitentiary . . . . Such defense shall be by guardian ad litem . . . .").  But he had an attorney.  His representation by an attorney rendered the judgment voidable rather than void. *See id.* ("[T]he attorney appearing for a competent party may defend . . . ."); *Garcia v. Wibholm,* 461 N.W.2d 166, 170 (Iowa 1990) ("A judgment entered against an incarcerated person without appointment of a guardian ad litem is voidable under rule [1.211] if the person was actually represented by an attorney."); *see also In re Marriage of Smith*, 537 N.W.2d 678, 680 (Iowa 1995) (holding a "judgment entered against an otherwise competent incarcerated person who voluntarily enters into a stipulation adopted by the decree is not void because the person was not appointed a guardian ad litem pursuant to rule [1.211]"); *In re Marriage of McGonigle*, 533 N.W.2d 524, 525 (Iowa 1995) ("Our *Garcia* holding should not be interpreted to mean that a judgment is void where a defendant prisoner, otherwise competent, appears and participates in the trial.").  Because the judgment is voidable, non-compliance with rule 1.211 is subject to waiver if not raised.  *See Schaefer v. Putnam*, 841 N.W 2d 68, 80 n. 13 (Iowa 2013).  The issue was not raised and is therefore waived.  But even if it had been raised, the presence of counsel and the father's participation in the proceeding does not preclude entry of a final order terminating his parental rights.  *See Smith*, 537 N.W.2d at 680 (stating the incarcerated person "was granted everything intended him under rule [1.211]"); *McGonigle*, 533 N.W.2d at 525 (stating the incarcerated person was granted the same right a non-incarcerated person would have been afforded—"the right to hire an attorney or, if he chose, to attend trial and represent himself").