# IN THE COURT OF APPEALS OF IOWA

No. 20-1550
Filed November 23, 2021

IN RE THE MARRIAGE OF SOPHIA FOSTER
AND JUSTIN FOSTER

Upon the Petition of
**SOPHIA FOSTER,**
  Petitioner-Appellee,

**And Concerning**
**JUSTIN FOSTER,**
  Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Justin Foster appeals the district court decision denying his motion to set aside a default dissolution decree. **REVERSED AND REMANDED.**

Ryan M. Beckenbaugh of Beckenbaugh Law, P.C., Davenport, for appellant.

Lynne C. Jasper, Bettendorf, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Justin and Sophia Foster married in 2016. Sophia filed a petition to dissolve the marriage on June 11, 2020 and had Justin served on June 19. On July 20, 2020, Sophia filed a notice of intent to seek a default and an affidavit attesting that the notice was mailed to Justin that day. The district court filed a default dissolution of marriage decree on July 31, 2020. The decree recited that Sophia was "present with her attorney," with Justin "not appearing and not being represented by an attorney." The court concluded Justin was "in default for failing to file an Answer or Appearance in the matter" after being provided a notice of default "stating a Default Judgment would be entered if he did not appear within ten (10) days and over ten (10) days has now expired."

Less than three weeks later, Justin applied to set aside the default judgment. He alleged he "was in the Scott County Jail" on the date that Sophia obtained the default judgment and Sophia was aware of that fact. The district court denied the motion following an evidentiary hearing. The court found Justin's arguments "disingenuous at best," citing his decision to "wait[] until the 10th or 11th day to respond to the default notice" and his arrest on the day of the default judgment for violation of a no-contact order.

On appeal, Justin makes several arguments in support of reversal. We need address only one—his contention that Iowa Rule of Civil Procedure 1.211 precluded the entry of default judgment against him while he "was literally sitting in the county jail." That rule states:

> *No judgment without a defense shall be entered against a party then* a minor, or *confined in a penitentiary*, *reformatory* or any state hospital for the mentally ill, or one adjudged incompetent, or whose

physician certifies to the court that the party appears to be mentally incapable of conducting a defense. Such defense shall be by guardian ad litem; but the conservator (and if there is no conservator, the guardian) of a ward or the attorney appearing for a competent party may defend unless the proceeding was brought by or on behalf of such fiduciary or unless the court supersedes such fiduciary by a guardian ad litem appointed in the ward's interest.

(Emphasis added.) By its terms, the rule only applies to persons confined in "a penitentiary" or "reformatory." *See In re Marriage of Downs*, No. 15–0812, 2016 WL 3272278, at *2 (Iowa Ct. App. June 15, 2016) ("A county jail is not a penitentiary or reformatory." (citing *In re T.C.*, 492 N.W.2d 425, 428–29 (Iowa 1992))). Justin was confined in a county jail. But in *In re Marriage of Frick*, No. 06-1243, 2008 WL 4325520, at *2 (Iowa Ct. App. Sept. 17, 2008), the court of appeals found "this fact . . . less important than the fact that [the respondent's] incarceration prevented her from appearing and defending." We stated, this was "the distinguishing fact in opinions finding no violation of rule 1.211." *Frick*, 2008 WL 4325520, at *2; *see In re Marriage of Smith*, 537 N.W.2d 678, 680 (Iowa 1995) (noting the respondent "chose to represent himself and voluntarily entered into a stipulation"); *In re Marriage of McGonigle*, 533 N.W.2d 524, 525 (Iowa 1995) ("[W]e think [the respondent's] appearance and participation in the trial satisfied everything intended for him by rule [1.211]."); *T.C.*, 492 N.W.2d at 429 (noting the respondent "had the opportunity to litigate any errors of fact giving rise to" the order that was entered while he was in a county jail).

Justin was in a county jail on the day Sophia obtained a default judgment against him. Sophia admitted knowing that Justin was "picked up" on that day. True, the time for Justin to file an answer or responsive pleading had expired. *See* Iowa R. Civ. P. 1.303(1) ("Unless otherwise provided, the defendant, respondent,

or other party shall serve, and within a reasonable time thereafter file, a motion or answer within 20 days after the service of the original notice and petition upon such party."). But Sophia's race to the courthouse with knowledge that Justin was incapable of appearing and defending goes to the heart of rule 1.211.

We conclude judgment without a defense was entered against Justin while he was incarcerated, in violation of rule 1.211. We reverse the denial of Justin's motion to set aside the default decree and remand for further proceedings.[1]

Our conclusion is consistent with the purpose of the rule on setting aside default judgments. *See* Iowa R. Civ. P. 1.977 ("On motion and for good cause shown, . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."). That rule is liberally construed "to afford an opportunity for adjudication on the merits." *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021). Justin consented to the entry of a protective order, establishing his intent to participate in the litigation. *See id.* He should have been afforded that opportunity.

**REVERSED AND REMANDED.**

Bower, C.J., concurs; Schumacher, J., specially concurs.

---

[1] Sophia requests an award of $3000 in appellate attorney fees. Because she did not prevail, we deny her request.

**SCHUMACHER, Judge** (concurring specially).

I concur with the result of the majority's opinion, but write separately to rely on a provision of the law that requires that the judgment be set aside, separate from the majority's reliance on Iowa Rule of Civil Procedure 1.211. Prior to a decree of dissolution being granted, Iowa Code section 598.19 provides:

> No decree dissolving a marriage shall be granted in any proceeding before ninety days shall have elapsed from the day the original notice is served, or from the last day of publication of notice, or from the date that waiver or acceptance of original notice is filed or until after any court-ordered conciliation is completed, whichever period shall be longer. However, the court may in its discretion, on written motion supported by affidavit setting forth grounds of emergency or necessity and facts which satisfy the court that immediate action is warranted or required to protect the substantive rights or interests of any party or person who might be affected by the decree, hold a hearing and grant a decree dissolving the marriage prior to the expiration of the applicable period, provided that requirements of notice have been complied with. In such case the grounds of emergency or necessity and the facts with respect thereto shall be recited in the decree unless otherwise ordered by the court. The court may enter an order finding the respondent in default and waiving any court-ordered conciliation when the respondent has failed to file an appearance within the time set forth in the original notice.

The record before our court does not contain either an application to waive this ninety-day waiting period, nor an order approving the same. Accordingly, I concur with the majority that the default judgment must be set aside.