**IN THE COURT OF APPEALS OF IOWA**

No. 24-0491
Filed June 18, 2025

IN RE THE MARRIAGE OF CAROL J. BOWER
AND TODD W. ADAMS

Upon the Petition of
CAROL J. BOWER,
　　　　Petitioner-Appellee,

And Concerning
TODD W. ADAMS,
　　　　Respondent-Appellant.
_____

　　　　Appeal from the Iowa District Court for Clinton County, Meghan Corbin, Judge.


　　　　Todd Adams appeals a marriage-dissolution decree. **AFFIRMED.**


　　　　Matthew L. Noel of Noel Law Office, Dubuque, for appellant.

　　　　Carol Bower, Clinton, self-represented appellee.


　　　　Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

Todd Adams appeals the dissolution decree ending his marriage with Carol Bower, arguing his guardian ad litem did not provide adequate representation and the court's property division is inequitable. Finding the guardian ad litem fulfilled her duties and the property division is equitable under the circumstances, we affirm.

## I. Background Facts and Proceedings

In February 2023, Bower petitioned to dissolve her marriage with Adams. The parties married in 2016, and both were in in their fifties at the time of the dissolution trial. Adams was arrested in 2020, convicted for multiple counts of sexual abuse, and will be incarcerated for the rest of his life.

Adams did not work throughout the marriage, making no payments on the house or utilities. At times, the couple received financial assistance from Adams's mother and Bower's mother and son. Bower is partially disabled following a 2021 car accident, receives social security disability income, and received a personal injury settlement. The parties had minimal assets to divide.

Adams requested a court-appointed attorney for the dissolution proceedings. The district court denied the request, observing "[t]here is no right to court appointed counsel in a dissolution case." Instead, the court authorized a guardian ad litem (GAL) for Adams under Iowa Rule of Civil Procedure 1.211 "provided he can pay the [GAL]'s fees" and noted if he could not, Bower would have to make arrangements for Adams to be "present by video conference for any contested hearings."

The parties contested who would receive the marital residence. The parties purchased the house in 2016 for $55,000. Adams made a down payment of $5500 and took out a mortgage for the remainder. At trial he claimed to have contributed another $4500 toward inspections and closing costs. In 2016 and 2017, Adams performed work to make the house minimally habitable, but it still needed significant repairs inside and out at the time of trial. Bower claimed to have made the majority of house payments, including all those since Adams's incarceration—some payments were made with help from the parties' mothers and Bower's son. Adams told the court his mother made all the house payments from 2016 to 2022. At the time of trial, the mortgage had a balance of $41,574. The property also has assorted court liens totaling $5422.81 against it for judgments against Adams dating between 2017 and 2021.

The district court awarded the house, vehicles, and Bower's personal injury settlement to Bower. Adams was awarded insurance proceeds for house damage. Adams appeals.

## II. Analysis

### 1. Guardian ad Litem's Representation

Adams argues his GAL did not adequately represent his interests when she failed to call any witnesses corroborating his testimony and "failed to present any meaningful evidence on his behalf." Adams claims the GAL's "perfunctory" representation harmed his right to an equitable distribution of property and asks us to reverse the denial of his request for a new trial.

In 1990, the supreme court summarized the duties of a GAL under rule 1.211:

> It seems clear to us, then, that a [GAL] must provide a defense that will ensure protection of the ward's interest. In some circumstances, conducting an investigation and filing a general denial to avoid a default may be enough. In other circumstances, the [GAL] may need to do more, even to the extent of proceeding to trial. Simply put, the [GAL] must do whatever the circumstances of the particular case dictate is necessary to protect the ward's interest.

*Garcia v. Wibholm*, 461 N.W.2d 166, 170 (Iowa 1990). But the court later clarified a GAL's appointment

> is not intended to go any further for the classes it protects than to place them on an equal footing with those not under one of the impediments listed. If [the prisoner] had not been incarcerated he would not be entitled to free representation by a lawyer. All he would be granted is the right to hire an attorney or, if he chose, to attend trial and represent himself.

*In re Marriage of McGonigle*, 533 N.W.2d 524, 525 (Iowa 1995). More, the rule is simply "intended to bring before the court, through one acting as an officer of the court, the vicarious presence of one who for some reason is unable to attend a civil trial or present a defense." *Id.*

Here, the GAL fulfilled her duties by conducting examinations of both Adams and Bower during trial, clarifying Adams's requests, and offering his exhibits. Adams was present via video conference for the trial and was able to conduct his own questioning and present his case. His requests and complaints on appeal show he wished the GAL to act as his divorce counsel; but Adams chose not to hire an attorney. Adams was competent and able to protect his own interests, and he appeared at and participated in the trial. *See In re Marriage of Downs*, No. 15-0812, 2016 WL 3272278, at *3 (Iowa Ct. App. June 15, 2016). At trial, the GAL asked if there were any additional questions he wanted asked or anything else he wanted presented to the court, and Adams did not have either.

The GAL fulfilled her duty as necessary to protect Adams's interests in light of Adams's participation at trial. Adams is not entitled to a new trial.

*2. Property Division*

Marriage dissolutions are equitable proceedings, which we review de novo. *In re Marriage of Heiar*, 954 N.W.2d 464, 469 (Iowa Ct. App. 2020). "[W]e will disturb a district court determination only when there has been a failure to do equity." *Id.* (citation omitted). "The partners in the marriage are entitled to a just and equitable share of the property accumulated through their joint efforts," the division of which is based on the circumstances rather than an equal division. *In re Marriage of Hazen*, 778 N.W.2d 55, 59 (Iowa Ct. App. 2009).

On appeal, Adams requests either a portion of the equity in the house or the house itself. He admitted at trial he "would probably have somebody else pay" the mortgage, as he was "retired" and not working in prison. The district court found that between the house's disrepair and the liens against it due to Adams's unpaid court fines from a variety of cases, the house has "essentially no equity." And the court found Bower credible about the house payments, finding she "was the only contributing member of the household during the marriage."[1]

Given the lack of equity in the home because of Adams's fines, the required repairs, the court's credibility determination, and Bower's history of paying and ability to continue to pay the mortgage (as opposed to Adams's vague plan to "have

[1] To the limited extent Adams asks the court to consider Bower's personal injury settlement following a car accident in 2021 as part of the marital estate, we decline to do so. The district court considered the settlement and awarded it entirely to Bower based on the details of the settlement and given Adams's incarcerated status during and after the injury. We concur with the court's reasoning.

somebody else pay it"), we find the court's distribution to be equitable. We affirm the dissolution decree.

**AFFIRMED.**